**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


David Johnson

    v.                                    Civil No. 12-cv-032-SM

Town of Weare,
New Hampshire, et al.


**REPORT AND RECOMMENDATION**


Before the court for preliminary review is pro se plaintiff
David Johnson's complaint, with four exhibits attached thereto
that the court considers part of the complaint (doc. no. 1).
See Fed. R. Civ. P. 10(c); see also 28 U.S.C. § 1915(e); United
States District Court for the District of New Hampshire Local
Rule ("LR") 4.3(d)(1)(B).  As explained below, the court finds
the complaint has alleged cognizable claims against Weare Police
Officer Jones, the Weare Police Department, and the Town of
Weare.  The court also finds, however, that the complaint fails
to state a claim against the other defendants, and recommends
that those claims and defendants be dismissed.


**Discussion**

I.   Standard of Review

Pursuant to LR 4.3(d)(1)(B), the magistrate judge reviews
the initial filings of all pro se, in forma pauperis plaintiffs,

to determine whether to direct that the complaint be served, whether to grant plaintiff leave to amend the complaint, or whether to recommend dismissal of claims for reasons set forth in 28 U.S.C. § 1915(e)(2).  See LR 4.3(d)(1)(B).  In conducting that preliminary review, the court construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states a claim upon which relief may be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  That review requires the court to accept as true the factual allegations and all reasonable inferences drawn therefrom, even if "seemingly incredible," Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), and then to determine whether those allegations "state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)); see also Ocasio-Hernández, 640 F.3d at 12 (explaining how complaint must provide fair notice to defendant and state a facially plausible claim).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense," without considering the likelihood of success on the merits.  Iqbal, 556 U.S. at 679; see also Ocasio-Hernández, 640 F.3d at 12-13 (explaining limits of court's discretionary review).

II.  Background

On the night of September 22, 2011, Johnson was sleeping in his truck on private property owned by Gary Bedard, who is not a party to this action.  Johnson alleges that, while he was sound asleep, his truck was suddenly surrounded by at least five heavily-armed police officers from the Town of Weare, New Hampshire ("Weare"), who, with guns drawn, shouted at him to get out of the truck.  In a groggy stupor, Johnson reached for his glasses.  The officers' shouting intensified and the scene became chaotic.  As Johnson got out of his truck, he was commanded to lie down, face first, in the mud.  Johnson did so slowly, because he had had reconstructive surgery on one knee and his shoulders "were bad."  The officers continued to yell at Johnson, and while Johnson was handcuffed, they trained their loaded rifles on him.  The police then searched Johnson's truck and inventoried its contents.  The police also rifled through Johnson's briefcase, reading all of his personal papers.

Johnson's protests against the search and seizure of his truck were ignored, and the truck was towed away.

Johnson alleges that, when placed in handcuffs, the officers "traumatized" and injured his shoulders and wrists.  He complained that the handcuffs were painfully tight, but the officers did not loosen them.  One Weare policeman, Officer Jones, forced Johnson into the back seat of the police car in a "very painful position."  Johnson was subsequently taken in and out of the cruiser several times, and each time screws in the back door banged into his reconstructed knee.  Johnson's pleas to Officer Jones for help, both to get into a more comfortable position in the car and to stop the officers from reading his private documents, were ignored.

When he arrived at the police station, Johnson was not read his rights.  Although he was questioned, he refused to talk. Johnson alleges that another officer, whom he did not recognize, commented on his scars and injuries and the blood on him. Eventually Johnson was taken by ambulance to a hospital for treatment of his injuries.  Johnson was released at the hospital, and remained there until a friend arrived to pick him up.

Johnson has been without his truck since the night in question, because he has not had the money to pay the towing

charges and claims to be unable to earn a living without the
truck.  Johnson now contends that he was "taken hostage" and
that his truck was stolen by the Weare police on that night.
Johnson also asserts that unnamed Weare town officials sent his
truck to auction.  Johnson claims that the Weare prosecutor,
Catherine Bauman, improperly pressed charges against him, and
the Goffstown District Court improperly heard his case.  He
fails to provide any information, however, about either the
charges or the legal proceedings, and whether they are still
pending.  Nor has he provided any details about the final
disposition of the charges.  Finally, Johnson contends that
Weare has a history of abusing citizens and prosecuting innocent
people, and that it has been sued many times because of this
corruption.

Generously construing the allegations in the complaint, as
is required at this preliminary stage, the court finds that
Johnson has asserted the following claims:

1. Unauthorized or malicious prosecution against the Town
   of Weare, Catherine Bauman, the Goffstown District
   Court, and an unnamed Goffstown District Court hearing
   officer, actionable under 42 U.S.C. § 1983;

2. Unreasonable seizure of his person, in violation of the
   Fourth Amendment, against Officer Jones, the Weare
   Police Department ("Weare P.D."), and the Town of
   Weare, actionable under 42 U.S.C. § 1983;

3.   Illegal search and seizure of his property, in violation of the Fourth Amendment, against Officer Jones, the Weare P.D., and the Town of Weare, actionable under 42 U.S.C. § 1983;

4.   Deprivation of property without due process of law, in violation of the Fourteenth Amendment, against Don Lyons, Lyons Autobody, the Weare P.D., and the Town of Weare, actionable under 42 U.S.C. § 1983.

5.   Violation of Johnson's right to travel, against the Town of Weare and the New Hampshire Department of Transportation ("NHDOT"), actionable under 42 U.S.C. § 1983;

6.   Violation of 49 U.S.C. § 31504, against the NHDOT, actionable under 42 U.S.C. § 1983;

7.   State law claims for theft, kidnapping, trespass, assault, extortion, and fraud, against the Town of Weare, the Weare P.D., Don Lyons and Lyons Autobody.

Johnson seeks injunctive relief, to prevent his truck from being auctioned and to prevent the NHDOT from requiring him to surrender any other vehicle ever again.  He also seeks monetary relief, to compensate him for the damages he has sustained from the loss of his property, his physical injuries and the emotional harm he has suffered.

Johnson asserts the following additional claims:  threat of a firearm to compel him; misuse of emergency lights; domestic terrorism; Racketeer Influenced Corrupt Organizations Act; federal funding fraud; and contract-default violations increasing the public debt.  None of these claims is supported by any factual development to enable the court to infer any

violation of Johnson's rights or any cognizable cause of action.
Because Johnson has failed to provide any factual support for
these assertions, they should be dismissed.  The remaining seven
claims are analyzed below.

III.  Analysis

    A.  Unauthorized/Malicious Prosecution Claim (claim 1)

Johnson alleges that Attorney Bauman did not have authority
to prosecute him, and that the Goffstown District Court and
hearing officer did not have jurisdiction to consider his case.
Johnson claims that this conduct violated his Eleventh Amendment
right to be free from being prosecuted without his consent.

The Eleventh Amendment, however, does not confer rights on
individuals, but grants sovereign immunity to the states.  It
provides that:

> the Judicial power of the United States shall not be
> construed to extend to any suit in law or equity,
> commenced or prosecuted against one of the United
> States by Citizens of another State, or by Citizens or
> Subjects of any Foreign State.

U.S. Const. amend. XI.  The Eleventh Amendment protects the
states from being sued in federal court unless Congress
explicitly abrogates that immunity, which it has not done in 42
U.S.C. § 1983.  See Va. Office for Prot. & Advocacy v. Stewart,
131 S. Ct. 1632, 1637-38 (2011).  Johnson, therefore, has failed

to state a claim for a violation of any rights guaranteed by the Eleventh Amendment.

Johnson's claims against Attorney Bauman and the Goffstown District Court may have been intended to allege that he was prosecuted without probable cause and, therefore, was subjected to malicious prosecution. To state a claim for malicious prosecution, Johnson must allege that he was subjected to a legal proceeding, instituted by defendants without probable cause and with malice, which terminated in his favor. See Meehan v. Plymouth, 167 F.3d 85, 88-89 (1st Cir. 1999) (explaining malicious prosecution cognizable under the Fourth Amendment); Holder v. Bahan, No. 10-cv-448-JD, 2011 WL 940211, at *6-7 (D.N.H. Mar. 16, 2011) (citing Paul v. Sherburne, 153 N.H. 747, 749, 903 A.2d 1011, 1013 (2006) for state law tort), recon. denied, 2011 WL 1467185 (Apr. 14, 2011). The complaint fails to provide any facts that suggest the legal proceedings against Johnson terminated in his favor, an essential element of a malicious prosecution claim. Accordingly, any claim intended to seek relief for a malicious prosecution should be dismissed. See id.; Meehan, 167 F.3d at 89.[1]

---

[1] Related to Johnson's claims about the legal proceedings against him are allegations that unidentified officials of Weare, Attorney Bauman, and the Hillsborough County Sherriff failed to investigate his reports of, and criminal complaints

The court notes that, in any event, Johnson's vague claims against Attorney Bauman, the Goffstown District Court, and the unnamed hearing officer would be barred under the doctrines of prosecutorial and judicial immunity. See Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (giving prosecutor absolute immunity for actions taken within judicial phase of criminal process); Hartman v. Moore, 547 U.S. 250, 261-62 (2006) (protecting the decision to prosecute under absolute immunity); see also Pierson v. Ray, 386 U.S. 547, 554 (1967) (granting judges absolute immunity for actions taken within the scope of their judicial jurisdiction); Mireles v. Waco, 502 U.S. 9, 11 (1991) (same even when judge allegedly engaged in malicious acts). Johnson's bald allegations that Attorney Bauman acted without authority and that the Goffstown District Court and hearing officer did not have jurisdiction to hear his case,

---

about, the "theft" of his truck.  Such a claim is not cognizable in a section 1983 action, however, because there is no right under either the federal constitution or state law to have a third party investigated or prosecuted criminally.  See Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another" (quoting Linda R.S., 410 U.S. at 619)); see also Bahan, 2011 WL 940211, at *7 (declining to recognize a claim for negligent law enforcement investigation).

without more, are conclusory and fail to overcome the grants of immunity given to prosecutors and judges.

   B.   Fourth Amendment Claims (Claims 2 & 3)

   Johnson next contends that he was detained, and that his truck was searched and seized, on the night of September 22, 2011, without any probable cause.  The Fourth Amendment guarantees that individuals shall "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause."  U.S. Const. amend. IV.  By claiming that defendants acted without probable cause, Johnson has alleged that his Fourth Amendment right to be free from "unreasonable searches and seizures" was violated.  See Graham v. Connor, 490 U.S. 386, 394 (1989) (holding claims of unreasonable searches and seizures are governed by the Fourth Amendment); see also Michigan v. Summers, 452 U.S. 692, 697 (1981) (seizures are unreasonable if not based on probable cause); Collins vs. Univ. of N.H., 664 F.3d 8, 14 (1st Cir. 2011).[2]

_____

   [2]Although the Fourth Amendment's warrant requirement ordinarily ensures that a search or seizure is reasonable, see United States v. Weikert, 504 F.3d 1, 6 (1st Cir. 2007) (explaining how warrants are based on probable cause found by a neutral and detached magistrate), the complaint makes no reference to any warrant.

A search and seizure effected without probable cause may still be constitutional in "those exceptional circumstances in which special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable." Weikert, 504 F.3d at 6 (quoting New Jersey v. TLO, 469 U.S. 325, 351 (1985) (Blackmun, J., concurring)).  In such circumstances, as with any Fourth Amendment analysis, the court must assess "'the reasonableness of the governmental invasion of a citizen's personal security,'" by balancing "'the public interest and the individual's right to be free from arbitrary interference by law officers.'"  Pennsylvania v. Mimms, 424 U.S. 106, 109 (1977) (quoting Terry v. Ohio, 392 U.S. 1, 19 (1968) and United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975)).

With these standards in mind, the court turns to the allegations surrounding the challenged search and seizure of Johnson and his truck.

### 1.  Unlawful Seizure of Johnson (claim 2)

#### (a) False Arrest

The seizure of a person without probable cause is a false arrest cognizable under the Fourth Amendment.  See Wallace v. Kato, 549 U.S. 384, 386 (2007) (describing the detention and questioning of defendant without probable cause as an illegal arrest in violation of the Fourth Amendment); see also

11

<u>Harrington V. Nashua</u>, 610 F.3d 24, 29 (1st Cir. 2010) (detention without legal process constitutes false imprisonment).

> False arrest and false imprisonment overlap; the former is a species of the latter.  Every confinement of the person is an imprisonment . . . .  We shall thus refer to the two torts together as false imprisonment.  . . .  The sort of unlawful detention remediable by the tort of false imprisonment is detention <u>without legal process</u>, . . . and the allegations before us arise from respondent's detention of petitioner <u>without legal process</u> . . . .  They did not have a warrant for his arrest.

<u>Wallace</u>, 549 U.S. at 388-89 (emphasis in original) (internal quotation marks and citations omitted).

The complaint alleges that Johnson was sleeping in his truck, on private land owned by someone Johnson knew, when he was suddenly awoken by heavily-armed Weare police officers encircling his truck.  He further contends that he was handcuffed and brought to the police station for questioning, before finally being released at a hospital, where he had been taken for treatment of his injuries.  Accepting these allegations as true, as is required at this preliminary stage of review, they demonstrate that no special circumstances existed to justify a warrantless seizure of Johnson.  <u>Cf.</u> <u>Weikert</u>, 504 F.3d at 6-7 (listing cases finding exceptional circumstances). Johnson, therefore, has alleged the minimal facts necessary to state a claim for false arrest in violation of his Fourth

Amendment rights.  See Wallace, 549 U.S. at 389; Harrington, 610
F.3d at 29 (finding false imprisonment based on detention
without a warrant before criminal complaint or arraignment).

### (b) Excessive Force

The allegations in the complaint also can be fairly
construed as stating a claim for the unreasonable use of force
in effecting Johnson's arrest.  To state a claim that defendants
used excessive force, the allegations must show that defendants'
actions were objectively unreasonable, in light of the facts and
circumstances known to them at the time of the arrest.  Jennings
v. Jones, 499 F.3d 2, 11 (1st Cir. 2007) (citing Graham v.
Connor, 490 U.S. 386, 397 (1989)).

> Whether the force used to effect a particular seizure
> is reasonable 'must be judged from the perspective of
> a reasonable officer on the scene, rather than with
> the 20/20 vision of hindsight.' The reasonableness
> inquiry is objective. . . .  There must be 'careful
> attention to the facts and circumstances of each
> particular case, including the severity of the crime
> at issue, whether the suspect poses an immediate
> threat to the safety  of the officers or others, and
> whether he is actively resisting arrest or attempting
> to evade arrest by flight.'

Jennings, 499 F.3d at 11 (quoting Graham, 490 U.S. at 396).
Three factors are used to evaluate the objective reasonableness
of the force used:  "(1) the severity of the crime, (2) whether
there was 'an immediate threat to the safety of the officers or
others,' and (3) whether the suspect was, inter alia, 'actively

13

resisting arrest or attempting to evade arrest by flight.'" Seekamp v. Michaud, 109 F.3d 802, 806 (1st Cir. 1997) (quoting Graham, 490 U.S. at 396).

The complaint alleges nothing about Johnson having been involved in criminal activity, or having threatened or resisted the arresting officers.  To the contrary, the complaint alleges that Johnson fully cooperated with the police.  By contrast, the complaint also alleges that at least five Weare policemen, with guns drawn throughout the incident, shouted at Johnson, handcuffed him so tightly that both his wrists and shoulders were in pain, and shoved him in and out of the police cruiser in a manner that injured his reconstructed knee.  Johnson's pleas for help were ignored.  These allegations describe the minimal facts necessary to state a claim for the unreasonable use of force in effecting Johnson's arrest.

### 2.   Unlawful Search and Seizure of Truck (claim 3)

Johnson asserts that the search and seizure of his truck also was effected without probable cause and again makes no reference to a warrant.  A warrantless search is per se unreasonable under the Fourth Amendment, unless it falls within one of the few, clearly-delineated exceptions.  Arizona v. Gant, 556 U.S. 332, 338 (2009) (citing Katz v. United States, 389 U.S. 347, 357 (1967) for the "basic rule" governing searches).  One

14

well-established exception is a search incident to a lawful arrest, see Gant, 556 U.S. at 338 (citing Weeks v. United States, 232 U.S. 383, 392 (1914)). Because the facts alleged state a claim for false arrest, however, the search and seizure of Johnson's truck incident to that arrest necessarily cannot fall within the exception. Cf. Gant, 556 U.S. at 343-44 (allowing search following a valid arrest only when arrestee is unsecured and within reaching distance of the vehicle or when reasonable to believe evidence of the offense may be found). Nor do the complaint's allegations of a parked truck, in which Johnson was sleeping, describe a scenario that falls within any of the other established exceptions for investigative stops related to traffic violations or reasonably suspicious activity. See, e.g., id. at 346-47 (listing cases); Maryland v. Dyson, 527 U.S. 465, 467 (1999) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more."); Delaware v. Prouse, 440 U.S. 648, 655 (1979) (discussing when investigative stops of automobiles and individuals may be allowed); see also United States v. Polanco, 634 F.3d 39, 42-43 (1st Cir. 2011) (explaining exceptions for searches of automobiles based on probable cause independent of an arrest); United States v. McGregor, 650 F.3d 813, 820-21 (1st

Cir. 2011) (allowing protective search of vehicle based on
reasonable suspicion following traffic stop).

Johnson claims that the police did not have probable cause
to stop or search his truck the night of September 22, 2011.
Johnson supports that claim by alleging the car was parked, he
had done nothing wrong and was cooperative, and that the search,
which included "rifling through" his briefcase of personal
papers, occurred after Johnson was handcuffed.  These
allegations suffice to state claim for an unreasonable search
and seizure of Johnson's truck.  See Gant, 556 U.S. at 345
(Fourth Amendment confines the government's "unbridled
discretion to rummage at will among a person's private
effects").

### 3.  The Defendants

Johnson asserts these Fourth Amendment claims against Weare
Police Officer Jones, the Weare P.D., and the Town of Weare.
The claims can only proceed against Officer Jones, however,
because Johnson has failed to allege sufficient facts to state a
claim against the municipal defendants.

To state a claim against the Town of Weare or the Weare
P.D., which is a municipal agency, the complaint must allege
that the "governmental body itself" deprived Johnson of his
Fourth Amendment rights or caused Johnson to be subjected to

such deprivation.  Haley v. Boston, 657 F.3d 39, 51 (1st Cir. 2011) (citing Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011)). Despite Johnson's assertion that the Town of Weare has a history of abusing its citizens, the complaint fails to allege any facts that could be construed as reflecting an official municipal policy or custom which caused the unconstitutional acts about which he complains.  See Connick, 131 S.Ct. at 1359 (citing Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 692 (1978)).  Because municipalities cannot be held vicariously liable for the illegal acts of their employees, the unreasonable search and seizure by Officer Johnson and the other unidentified police officers cannot form the basis of a claim against either the Weare P.D. or the Town of Weare.  See Haley, 657 F.3d at 51 (requiring plaintiff allege that municipality's deliberate conduct was the moving force behind the injury).

Accordingly, the Fourth Amendment claims against all the defendants except Officer Jones should be dismissed for failing to state a claim upon which relief may be granted.  Johnson should note, however, that he would not be precluded from amending his complaint to add the names of the other individual police officers who were involved in the alleged search and seizure, if he were to learn their identities through discovery in this litigation.  See Penalbert-Rosa v. Fortuna-Burset, 631

F.3d 592, 596-97 (1st Cir. 2011) (allowing complaint to proceed with "John Doe" defendants where identities unknown but may be discoverable); see also 5A Charles Alan Wright & Arthur Miller, Fed. Practice & Procedure §1321, at 382 & n.6 (3d ed. 2004).

C.   Due Process Claims (claims 4 & 5)

Johnson asserts two allegations that give rise to claims under the Fourteenth Amendment's guarantee that an individual cannot be deprived of property or liberty interests without due process of law.  Johnson claims that his truck was "stolen" by the Town of Weare, based upon the Town's allegedly arbitrary decision to send it to auction, which has deprived him of the ability to earn a living and has impeded his right to travel. "It is well-established that 'procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property.'" Collins v. Univ. of N.H., 746 F.Supp.2d 358, 368 (D.N.H. 2010) (quoting Mathews v. Eldridge, 424 U.S. 319, 332 (1976)), aff'd 664 F.3d 8 (1st Cir. 2011).  If an individual is deprived of a property or liberty interest, "the question remains what process is due." Collins, 746 F. Supp. 2d at 368 (quoting FDIC v. Mallen, 486 U.S. 230, 240 (1988)).  What process is due depends on a balancing of three factors:  the private interest; the risk of erroneous deprivation of that interest through the procedures used; and

the government interest in the costs and function of alternative procedures. Collins, 664 F.3d at 17 (citing Gilbert v. Homar, 520 U.S. 924, 931-32 (1997)). In any event, "before an individual is finally deprived of a property interest, . . . some form of hearing" must be provided. Collins, 746 F. Supp. 2d at 368 (quoting Mathews, 424 U.S. at 333).

## 1.  Deprivation of Property (claim 4)

The complaint alleges that Johnson's truck was towed away and that Johnson has been unable to earn a living without the truck and cannot afford to pay the requisite fines to get it back. Johnson has a protected interest in both his truck and his ability to earn a living. See, e.g., 16C Francis Amendola, et al., Corpus Juris Secundum – Constitutional Law § 1519 (right to earn a living is a protected property interest). Taking Johnson's truck by police force, without probable cause or any other process, alleges an erroneous deprivation of property. See Collins, 664 F.3d at 17; see also Bean v. New Hampshire, No. 06-cv-161-SM, 2006 WL 2570594, at *5 (D.N.H. 2006) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982), to explain how intentional deprivations done pursuant to established government procedures may violate due process clause). However, "[a] procedural due process claim is not actionable unless, inter alia, no adequate 'post-deprivation remedy' is available under

state law." <u>Lu v. Emergency Shelter Comm'n of Bos.</u>, 2 F. App'x. 12, 14 (1st Cir. 2001).  The Fourteenth Amendment requires only that "an opportunity [be] granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." <u>Logan</u>, 455 U.S. at 437 (quotations omitted).

The complaint does not allege that Johnson has been deprived of post-deprivation remedies under New Hampshire law. <u>See</u> <u>Bean</u>, 2006 WL 2570594, at *5-6 (stating claim where plaintiff alleges motion for return of property did not provide adequate remedy).  Johnson only contends that he has been unable to pay to have his truck released.  The complaint does not provide any information about what process Johnson has pursued, or whether such procedures are inadequate to allow him to retrieve his truck.  Given the sparse factual development of the allegations about Johnson's continued loss of his truck, the complaint fails to assert Johnson has been denied due process. <u>Cf.</u> <u>id.</u> at *6 (recognizing seizure of property as evidence of a crime is an exception to the pre-deprivation notice and opportunity to be heard requirement).  Because the denial of due process allegation is not supported by any facts, the complaint fails to state a claim for the deprivation of Johnson's property in violation of the Fourteenth Amendment.

Even if the complaint sufficiently alleged a due process violation, it still fails to state a cognizable claim against any of the defendants against whom it is asserted.  As discussed above, the Town of Weare and the Weare P.D. cannot be held liable under § 1983 for the unconstitutional conduct of their employees.  Rather, there must be sufficient facts to show the municipal defendants caused the alleged violation.  Johnson has not alleged any facts to support this claim.  The claims against the private parties -- Don Lyons and his company, Lyons Autobody -- also fail, because the complaint does not allege any facts which reasonably could be construed to show that they acted under color of state law when they towed Johnson's truck, a necessary element of a § 1983 claim.  See Elena v. San Juan, __ F.3d __, 2012 WL 1253404, at *3 (1st Cir. Apr. 16, 2012) (affirming dismissal of § 1983 claims against private individuals because "under color of law" element not satisfied by conclusory allegations of joint and concerted action).  Although towing Johnson's truck was presumably done at the request of the Town of Weare, that action alone does not demonstrate the significant intermingling between Weare officials and Don Lyons required to impute state action to private defendants.  See Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4-5 (1st Cir. 2005) (stating state

compulsion test, nexus/joint action test, and public function
test used to determine whether private party acted under color
of law).  The complaint, therefore, fails to state a viable
claim for a deprivation of Johnson's property without due
process of law.

2.  Deprivation of Liberty (claim 5)

Johnson contends that the Town of Weare and the NHDOT have
deprived him of his fundamental right to travel.  This claim
appears to arise out of the loss of his truck, but Johnson also
alludes to the loss of his driver's license and license plates.
The right to travel has been recognized as fundamental to our
concept of ordered liberty, Shapiro v. Thompson, 394 U.S. 618,
629-30 (1969), and guarantees:  (i) citizens of one State the
right to travel across borders into another State; (ii) visiting
citizens the right to be treated as "a welcome visitor rather
than an unfriendly alien"; and (iii) newly-arrived residents the
right to the same privileges and immunities that longstanding
citizens of the state enjoy.  Saenz v. Roe, 526 U.S. 489, 500–05
(1999).

Although the complaint suggests that Johnson's liberty
interest in traveling has been impeded by the loss of his truck,
it also alleges that, but for Johnson's inability to pay, he
would have his truck back.  Johnson alleges only that he lacks

22

a means to travel.  This allegation is insufficient to state a
claim that the government has violated his right to travel.  The
right to travel protects how a citizen in a state is treated by
the government compared to other citizens in that same state or
another state.  See id. (assessing state's denial of welfare
benefits to new residents); see also Pelland v. Rhode Island,
317 F. Supp. 2d 86, 91-94 (D.R.I. 2004) (discussing cases where
state action has restricted person's right to travel).  Johnson
has not alleged any action taken by any defendant that
impermissibly restricted his ability to travel.  Accordingly,
the complaint fails to state a claim for a violation of
Johnson's right to travel.

     D.  49 U.S.C. § 31504 (claim 6)

    Johnson next asserts that the NHDOT violated his rights
protected by 49 U.S.C. § 31504.  It is unclear, however, what
rights Johnson believes were violated.  Section 31504 gives
authority to the United States Secretary of Transportation to
regulate license plates issued to commercial motor vehicles,
see 49 U.S.C.A. § 31504 (West 2007), and does not apply to or
regulate state officials.  In any event, the NHDOT, as an agency
of the State of New Hampshire, is not a person within the
meaning of § 1983 and is, therefore, immune from suit under the
Eleventh Amendment.  See Will v. Mich. Dept. of State Police,

23

491 U.S. 58, 71 (1989) (holding that a state is not a person within the meaning of § 1983); see also Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009) ("it is well settled that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action" (internal quotation marks and citation omitted)). Accordingly, Johnson has failed to state any cognizable claim against the NHDOT.

    E.   State Law Claims

    Finally, Johnson alleges several state law claims, including:  theft, kidnapping, extortion, assault, trespass, and fraud, against the Town of Weare, the Weare P.D., Don Lyons and Lyons Autobody.  As a private individual, Johnson does not have standing to prosecute the crimes of theft, kidnapping and extortion.  See Linda R.S., 410 U.S. at 619.  The claims for trespass and fraud are wholly undeveloped and, therefore, fail to state a plausible claim for relief.  See Ocasio-Hernández, 640 F.3d at 12 (explaining plausibility standard).  Accordingly, these state law claims should be dismissed.

    The assault claim, however, is viable, based on the same factual allegations that support the Fourth Amendment excessive force claim.  Additionally, while not explicitly asserted, a state law claim for false arrest is also viable, for the same

24

reasons that Johnson's federal constitutional tort claims relating to his false arrest are viable.

Johnson asserts these claims against the Town of Weare, the Weare P.D., and Don Lyons and Lyons Autobody.  As previously discussed, the complaint only identifies Weare Police Officer Jones among the several officers allegedly involved in Johnson's arrest.  Because it is reasonable to infer that Officer Jones was acting within the scope of his employment with the Weare P.D. when he effected Johnson's arrest, the state law claims may proceed under a theory of respondeat superior liability against the Town of Weare and the Weare P.D.  Cf. Kinney v. Pepperell, No. Civ. 00-87-JD, 2000 WL 1745167, at *2 (D.N.H. Oct. 26, 2000) (citing Trahan-Laroche v. Lockheed Sanders, Inc., 139 N.H. 483, 485, 657 A.2d 417, 419 (1995)).  The complaint fails to allege facts that demonstrate Don Lyons' involvement with either the alleged false arrest or excessive force, however, so the claims against Don Lyons and Lyons Autobody should be dismissed.

In sum, at this preliminary stage of review, the complaint asserts state law claims for false arrest and assault against the Town of Weare, the Weare P.D., and Weare Police Officer Jones.  Moreover, the court recognizes Johnson's right to subsequently amend his complaint to add the names of the currently unidentified officers allegedly involved in the

September 22, 2011, search and seizure, should he discover them in the course of litigation.

## Conclusion

For the reasons set forth above, the court recommends that all the claims and defendants be dismissed, except for:  (1) the Fourth Amendment claims based on the alleged unreasonable search and seizure of Johnson and his truck on September 22, 2011, asserted against Officer Jones; and (2) the common law tort claims for false arrest and assault based on that same unlawful seizure, asserted against Officer Jones, the Weare P.D. and the Town of Weare.  In an order issued simultaneously with this report and recommendation, the court will direct service of these claims on these defendants.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on
appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 4, 2012

cc:  David Johnson, pro se

LBM:jkc