UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>David Johnson</u>

    v.                                                      Civil No. 12-cv-032-SM

<u>Town of Weare,</u>
<u>New Hampshire, et al.</u>

**O R D E R**

Before the court for preliminary review is pro se plaintiff David Johnson's complaint (doc. no. 1), filed pursuant to 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. § 1915(e); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). Johnson asserts constitutional and state tort law claims against defendants, based on injuries he allegedly sustained arising out of a search and seizure on September 22, 2011.

For the reasons explained in a report and recommendation issued this date, the court finds that Johnson has asserted Fourth Amendment claims against Weare Police Officer Jones ("Officer Jones"), and common law claims for false arrest and assault against Officer Jones, the Weare Police Department

("Weare P.D.") and the Town of Weare, New Hampshire ("Town of Weare").[1]  Johnson seeks both injunctive and monetary relief.

While at this juncture the court would normally direct service of the Fourth Amendment and two state law claims on defendants, see 28 U.S.C. § 1915(d), LR 4.3(d)(1)(B)(iii), the complaint does not include an address for Officer Jones, the Weare P.D. or the Town of Weare.  Johnson, therefore, is ordered to provide the Clerk's Office with current addresses for these defendants within thirty (30) days of the date of this order.

Upon receipt of the addresses, the Clerk's office is instructed to complete and issue a summons for each defendant and to forward the summonses, along with copies of the complaint (doc. no. 1), this order, and the report and recommendation issued simultaneously herewith, to the U.S. Marshal's office to complete service in accordance with this order and Fed. R. Civ. P. 4(c)(3).  See LR 4.3(d)(1)(B)(iii).  Service may be effected on Officer Jones either by delivering copies of the above-referenced documents to him personally, or by leaving them at his abode, pursuant to New Hampshire Rev. Stat. Ann. ("RSA") 510:2 (1997).  See Fed. R. Civ. P. 4(e) (providing for service on individuals within the federal judicial district).  Service

---

[1] In the report and recommendation issued this date, the court recommends that all the remaining claims and defendants in this action be dismissed.

may be effected on the Weare P.D. and the Town of Weare either by delivering copies of the above-referenced documents to the chief executive officers of the defendants, or by serving a selectman and the town clerk, pursuant to RSA 510:10. See Fed. R. Civ. P. 4(j)(2) (providing for service on municipal corporations and local governmental organizations).

Defendants are instructed to answer or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A). Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

June 4, 2012

cc: John Knapp, pro se

LBM:jkc